# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| LINDA SHURTLEFF, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CINEMARK USA, INC., a corporation; and CENTURY THEATERS, INC., a corporation, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:13-cv-483-TS-PMW <br><br><br> Chief District Judge Ted Stewart <br><br> Magistrate Judge Paul M. Warner |

Chief District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Linda Shurtleff's ("Plaintiff") (1) motion to quash subpoenas related to employment records[2] and (2) motion to quash subpoenas for medical records.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 20.

[2] *See* docket no. 19.

[3] *See* docket no. 29.

## RELEVANT BACKGROUND

On June 18, 2013, Plaintiff filed her complaint in this case against Cinemark USA, Inc. and Century Theaters, Inc. (collectively, "Defendants").[4] Plaintiff asserts causes of action for various violations of the Americans with Disabilities Act and the Age Discrimination in Employment Act. In support of those claims, Plaintiff alleges, among other things, that she suffers from depression, severe anxiety, and Post Traumatic Stress Disorder.

At the time Plaintiff worked for Defendants, she also worked a full-time job with the University of Utah. Her employment at the University of Utah ended in May 2010. In June 2010, Plaintiff moved to Texas and began working for Texas A&M University. Her employment at Texas A&M University ended in November 2010.

## LEGAL STANDARDS

"The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to

---

[4] *See* docket no. 2.

"focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides the court with the authority to quash or modify a subpoena. *See* Fed. R. Civ. P. 45(d)(3). In addition, rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Finally, rule 26(b)(2)(C)(i) provides in relevant part that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

## ANALYSIS

As noted above, the motions before the court are Plaintiff's (1) motion to quash subpoenas related to employment records and (2) motion to quash subpoenas for medical records. The court will address the motions in turn.

### I. Motion to Quash Subpoenas for Employment Records

In this motion, Plaintiff seeks to quash subpoenas served by Defendants on Plaintiff's prior employers, the University of Utah and Texas A&M University. By way of those subpoenas, Defendants sought:

> 1. All documents from January 1, 2009[,] to the present related to Plaintiff's employment with [the employer], including but not limited to application(s) for employment, resumes, performance reviews, discipline, job description(s), application(s) for disability-related insurance or benefits, unemployment claims, workers'

3

     compensation notices, personnel records, employee benefit records, medical information, attendance records, and reason(s) for the termination of Plaintiff's employment.

  2. All documents mentioning or related to Defendants (or either of them) and/or Plaintiff's employment with Defendants (or either of them).

  3. All documents from May 1, 2009[,] to the present reflecting communications of any type with Plaintiff's attorney(s), or other entities or individuals purporting to represent or act on behalf of Plaintiff.[5]

  In her motion, Plaintiff seeks to have all portions of those subpoenas quashed. However, according to Plaintiff, her counsel previously notified Defendants' counsel that she agreed that the documents sought in Request No. 2 were relevant. Plaintiff's counsel also notified Defendants' counsel that, although she believed most of the documents sought in Request No. 1 were irrelevant, she would not object to Defendants' request for Plaintiff's applications for disability insurance or benefits and her employee benefit records. Because Plaintiff has conceded the relevance of those documents, the part of her motion directed at the above-referenced portion of Request No. 1 is denied. For the same reason, the portion of Plaintiff's motion directed at Request No. 2 is denied. The court turns next to considering whether the remainder of Request No. 1 and all of Request No. 3 should be quashed.

  Plaintiff first argues that she has standing to object to the subpoenas even though they are directed at third-parties. Defendants do not oppose that argument. The court concludes that Plaintiff has sufficient interest in the information sought by the subpoenas to confer her with

---

[5] Docket No. 21, Exhibit A.

standing to challenge the subpoenas. *See Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *3-6 (D. Utah Feb. 6, 2007).

Plaintiff next argues that the remaining portions of the subpoenas are overly broad. The court agrees. In the court's view, the remaining portions of the subpoenas are essentially blanket requests for all documents related to Plaintiff's employment. As this court has concluded on at least two occasions, such requests are overly broad. *See Equal Emp't Opportunity Comm'n v. Holmes & Holmes Indus., Inc.*, No. 2:10-cv-955-DAK-PMW, 2011 U.S. Dist. LEXIS 124916, at *7-8; *Richards*, 2007 U.S. Dist. LEXIS 9131, at *17 ("[A] blanket request for all documents regarding [a party's] employment is overly broad."). In reaching that conclusion, the court renders no opinion about whether there may be some relevant information in Plaintiff's employment records with prior employers. Indeed, when addressing this issue, this court has noted that employment records may contain relevant information. *See Holmes & Holmes Indus., Inc.*, 2011 U.S. Dist. LEXIS 124916, at *8; *Richards*, 2007 U.S. Dist. LEXIS 9131, at *17. However, the remaining portions of the subpoenas, as currently drafted, are too broad. Accordingly, the portion of Plaintiff's motion directed at the remainder of Request No. 1 and all of Request No. 3 is granted, and those portions of the subpoenas are quashed.

## II. Motion to Quash Subpoenas for Medical Records

In this motion, Plaintiff seeks to quash subpoenas served by Defendants on several of Plaintiff's medical providers. In the subpoenas, Defendants seek the following records:

> 1. All documents from January 1, 2000[,] to the present that relate to or reflect the identity, diagnosis, examination, evaluation, history and treatment for any and all mental conditions, injuries or illnesses of Plaintiff, including billing records.

>   2. All documents mentioning or related to Defendants (or either of them) and/or Plaintiff's employment with Defendants (or either of them).
>
>   3. All documents from May 1, 2009[,] to the present reflecting communications of any type with Plaintiff's attorney(s), or other entities or individuals purporting to represent or act on behalf of Plaintiff.[6]

The medical providers at issue are: (A) Dr. Steven Ross ("Dr. Ross"), Dr. Elizabeth Joy ("Dr. Joy"), the University of Utah Neuropsychiatric Institute ("UNI"), and Dr. Matthew Rondina ("Dr. Rondina"); (B) Dr. Robert Payne ("Dr. Payne") and Dr. Richard Ingebretsen ("Dr. Ingebretsen"); and (C) Dr. Kathy Barnet ("Dr. Barnet"). The court will address the providers in that order. As a final matter, the court will address (D) Plaintiff's request for sanctions, which is part of her motion to quash.

### A. Dr. Ross, Dr. Joy, UNI, and Dr. Rondina

As an initial matter, the court notes Plaintiff's assertion that Dr. Rondina has not treated Plaintiff independently, but instead treated Plaintiff while she was at UNI. As such, Plaintiff contends that Dr. Rondina's medical records would be included in UNI's response to its subpoena. Defendants do not dispute this fact. Accordingly, the court will address Dr. Rondina in the same group as UNI.

With respect to these four medical providers, Plaintiff admits that the subpoenas seek relevant information. Plaintiff asserts that she has already agreed to provide the medical records from these providers, but had not done so because the parties had not yet agreed upon a stipulated protective order to guard the privacy of the records. That protective order was entered

---

[6] Docket no. 34, Exhibit A-2.

on December 5, 2013,[7] and, according to Plaintiff's reply memorandum, she produced these medical records on December 11, 2013.

Because of Plaintiff's agreement to produce the records, and her subsequent production, Plaintiff argues that the subpoenas to these medical providers are unreasonably cumulative and duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). For those reasons, Plaintiff argues that the subpoenas to these providers should be quashed. In response, Defendants argue that the documentation that these providers produce in response to the subpoenas may or may not be the same as the records Plaintiff has produced. For that reason, Defendants argue that these providers should be required to fully respond to the subpoenas.

The court agrees with Defendants. While it may be true that Plaintiff has produced all of the records in her possession for these providers, it is not clear that those documents are indeed fully responsive to the subpoenas. In the court's view, Plaintiff should not be the gatekeeper for providing these records to Defendants. Defendants are entitled to obtain the records from the medical providers themselves. For those reasons, this portion of Plaintiff's motion is denied.

## B. Dr. Payne and Dr. Ingebretsen

Plaintiff argues that the subpoenas to these two medical providers could not yield any relevant information because the subpoenas seek information only about Plaintiff's mental conditions, and, according to Plaintiff, these providers treated or diagnosed Plaintiff only for her physical conditions. In response, Defendants argue that Plaintiff's overall medical condition is at issue in this lawsuit, not just her mental conditions. Based on that argument, Defendants assert that these providers should be required to provide full responses to the subpoenas.

---

[7] *See* docket no. 33.

With respect to Defendants' arguments, the court notes that the subpoenas seek only information about Plaintiff's mental conditions. While Defendants appear to argue that these medical providers should be required to provide information about Plaintiff's physical conditions, the subpoenas do not seek such information. The court cannot order these providers to produce information that has not been requested by way of the subpoenas.

As for Plaintiff's arguments, the court understands Plaintiff's concerns about the subpoenas. However, she has not provided a basis for quashing the subpoenas. If these two medical providers do not have any information that is responsive to the subpoenas, they can simply state as much in their responses. The court will not allow Plaintiff to make a unilateral determination about whether these providers have responsive information. For these reasons, this portion of Plaintiff's motion is denied.

### C. Dr. Barnet

Plaintiff does not argue that this subpoena seeks irrelevant information. To the contrary, Plaintiff asserts that she is, and has been, willing to work with Defendants to get these medical records. Plaintiff's sole argument with respect to this subpoena is that a holding from this court dictates that a specific piece of information sought by the subpoena, a psychological report prepared by Dr. Barnet, is not discoverable. *See Bottomly v. Leucadia Nat'l Corp.*, 163 F.R.D. 617, 620 (D. Utah 1995).

The court is not persuaded by Plaintiff's argument concerning the psychological report. The court reminds Plaintiff that she brought this lawsuit and put her mental conditions in controversy. As such, the court concludes that the psychological report is discoverable because it is relevant to Plaintiff's claims in this case. In reaching that conclusion, the court expresses no

opinion about whether that report will eventually be admissible. Admissibility determinations will be made, if necessary, by the district judge at trial. As for any other records that Dr. Barnet may have that are responsive to the subpoena, the court notes that Plaintiff has not presented any arguments concerning those records, including whether they are relevant. As such, the court is left to conclude that they are relevant to Plaintiff's claims in this case. Accordingly, this portion of Plaintiff's motion is denied.

As a final matter, the court appreciates Plaintiff's efforts in working with Defendants to get the medical records from Dr. Barnet. However, given Defendants' position concerning the other subpoenas seeking medical records, the court is doubtful that Defendants will be satisfied with Plaintiff's production. Accordingly, Dr. Barnet should fully respond to the subpoena.

### D. Sanctions

In the final portion of this motion, Plaintiff requests an award of sanctions against Defendants. Plaintiff seeks an award of attorney fees incurred as a result of briefing on this motion. Given that the court has denied this motion, it logically follows that Plaintiff is not entitled to an award of sanctions. Furthermore, even if the court had granted Plaintiff's motion, the court is not persuaded that an award of sanctions would be appropriate under the circumstances.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to quash subpoenas related to employment records[8] is **GRANTED IN PART AND DENIED IN PART**, as indicated above.

---

[8] *See* docket no. 19.

9

2. Plaintiff's motion to quash subpoenas for medical records[9] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of February, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 29.